# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE K. CRONE, | No. 4:18-CV-01507 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Cohn) |
| ANDREW SAUL[1], *Commissioner of Social Security*, | |
| Defendant. | |

## ORDER

### OCTOBER 29, 2019

Michelle K. Crone filed this action seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Crone's claim for social security disability benefits and supplemental security income.[2] In September 2019, Magistrate Judge Gerald B. Cohn issued a Report and Recommendation recommending that this Court affirm the Commissioner's decision and close this case.[3]

Crone filed timely objections to the Report and Recommendation.[4] Although Crone cavils about several aspects of Magistrate Judge Cohn's Report and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul—as the successor officer to Nancy Berryhill, Acting Commissioner of Social Security—is automatically substituted as Defendant in this action.
[2] Doc. 1.
[3] Doc. 18.
[4] Doc. 19.

Recommendation, her objections generally fall into two categories: (1) the administrative law judge (ALJ) and Magistrate Judge Cohn erred in their examination of the limitations caused by Crone's fibromyalgia; and (2) the ALJ failed to properly explain why Crone could not perform her past relevant work, but could perform other light-duty work.[5] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[6] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[7]

Upon de novo review of the record, the Court finds no error in Magistrate Judge Cohn's conclusions and analyses. Although the Court may have viewed evidence related to Crone's fibromyalgia differently than the ALJ if presented with it in the first instance, as a whole, the ALJ properly evaluated Crone's fibromyalgia limitations, and her determinations are supported by substantial evidence.[8]

---

[5] *Id.*
[6] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[8] First, Crone contends that the ALJ erred by relying on the opinion of a state agency evaluator—who did not examine Crone—in determining Crone's limitations, as Social Security Ruling 12-2p requires that any "evidence regarding fibromyalgia should come from a 'physician [who] reviewed the person's medical history and conducted an examination.'" (Doc. 19 at 6). However, that Ruling addresses only what evidence may be used to establish whether fibromyalgia is a medically determinable impairment, and does not address what evidence may establish the severity of any underlying symptoms. This is sensible, as an evaluation of functional limitations must be made based upon the record as a whole. Second, although Crone

Additionally, the Court does not discern any inconsistency in the ALJ's conclusion that Crone could not perform her past relevant work, but could perform other forms of light-duty work.[9] Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Gerald B. Cohn's Report and Recommendation (Doc. 18) is **ADOPTED**;

2. The Commissioner's decision is **AFFIRMED**;

3. Final Judgment is entered in favor of Defendant and against Plaintiff pursuant to Fed. R. Civ. P. 58 and sentence four of 42 U.S.C. § 405(g); and

4. The Clerk of Court is direct to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

asserts that the ALJ improperly relied on normal examination findings to conclude that Crone's descriptions of pain were inconsistent with the record, the ALJ referenced more than just the normal examination findings; she also relied heavily on the conservative nature of Crone's pain treatment and the self-reported relief that Crone received from pain medication. (Doc. 9-2 at 27-28).

[9] Notably, the vocational expert stated that his conclusions were consistent with the Dictionary of Occupational Titles ("DOT") except that the DOT did not account for "off task behavior and alternation between . . . sitting and standing" and, thus, with respect to those limitations, the expert "relied on [his] 30 years of experience." (Doc. 9-2 at 61-62). This accounts for any discrepancies in Crone's ability to perform certain jobs.